# IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ALABAMA
### EASTERN DIVISION

BOBBY JAMES LEACH,       )
                             )
         Petitioner,      )
                             )
v.                        )     1:06-cv-00096-SLB-JEO
                             )
WARDEN D. B. DREW,    )
                             )
         Respondent.    )

## MEMORANDUM OPINION

Petitioner Bobby James Leach (hereinafter "the petitioner") has filed an application for a writ of habeas corpus pursuant to 28 U.S.C. § 2241, challenging his convictions in the United States District Court for the Southern District of Alabama.  (Petition).[1]  Upon consideration, the court finds that the petition is due to be dismissed.

## FACTS

The petitioner is currently incarcerated at the Federal Correctional Institution in Talladega, Alabama ("FCI Talladega").  He was convicted in the United States District Court for the Southern District of Alabama of violating the firearms laws of the United States under 18 U.S.C. §§ 922(g)(1) and 924(e) and 26 U.S.C. § 5861(d).  (*United States v. Bobby James Leach*, 92-00035-BH (S.D. Ala.)).  That court imposed a sentence of 293 months imprisonment on December 17, 1992.  *Id*.  On October 14, 1993, the United States Court of Appeals for the Eleventh Circuit affirmed the petitioner's conviction.  *United States v. Leach*, 7 F.3d 241 (11th Cir. 1993) (Table).

The petitioner filed a motion to vacate, set aside, or correct sentence pursuant to 28

---

[1]The petition is located at document 1 in the file.

U.S.C. § 2255 in the United States District Court for Southern District of Alabama on December 2, 1994.  *See United States v. Bobby James Leach*, 94-0938-BH-M (S.D. Ala.).  The trial court denied the motion on March 16, 1995.

On February 12, 1997, the petitioner filed a "Rule 32 Motion" for relief from his conviction and sentence.  (Response at "Brief Memorandum of Law in Support of Rule 32 Motion Relief").[2]  The motion was denied by the court on February 24, 1997, finding that it was a second motion to vacate, set aside, or correct his sentence under § 2255 that was "uncertified under 28 U.S.C. § 2244(3)."  (*Id*., Order dated February 24, 1997).

The petitioner filed the present § 2241 action on January 13, 2006.  He seeks to challenge his conviction and sentence under "*Jones, Apprendi, Blakely, Booker* and *Fanfan*".[3]  (Petition at 4-5(b)).  Specifically, he asserts the following issues for review:  (1) Whether the savings clause of § 2255 may be used to review his conviction under *Apprendi*, *Booker*, and *Fanfan* and whether the failure to review the same violates the "suspension clause" (Petition at 4); (2) Whether the due process clause requires the court to render a different interpretation of the sentencing guidelines in light of *Booker* and *Fanfan* (*id*.); (3) Whether the use of the federal sentencing guidelines renders the petitioner's conviction invalid in light of *Booker* and *Fanfan* (*id*. at 5(a)); and, (4) Whether the petitioner's sentence should be vacated because he was deprived of due process because his sentence is premised on facts not determined by a jury (*id*. at 5(b)).

---

[2] The response is found at document 5 in the file.

[3] *Jones v. United States*, 526 U.S. 227, 119 S. Ct. 1215, 143 L. Ed. 2d 311 (1999); *Apprendi v. New Jersey*, 530 U.S. 466, 120 S. Ct. 2348, 147 L. Ed. 2d 435 (2000); *Blakely v. Washington*, 542 U.S. 529, 124 S. Ct. 2531, 159 L. Ed. 2d 403 (2004); *United States v. Booker & Fanfan*, 543 U.S. 220, 125 S. Ct. 738, 160 L. Ed. 2d 621 (2005).

The court required the United States to file a response to the petition. The respondent filed a partial answer and motion to dismiss, asserting that the present petition is due to be dismissed for failure to state a claim under 28 U.S.C. § 2241. (Response at 3). Specifically, the United States asserts that because the petition seeks to challenge the petitioner's criminal conviction, it is in effect a petition for relief from conviction which must be brought under 28 U.S.C. § 2255, and the petitioner cannot show that his § 2255 remedy is inadequate or ineffective to challenge the legality of his detention. (*Id*. at 3-4). Further, the United States asserts that because the petitioner has previously filed a petition pursuant to § 2255, any second or successive 2255 motion requires a certificate of appealability from the Eleventh Circuit Court of Appeals before the merits may be considered. (*Id*.). As a part of the answer, the respondent asserts that this matter is due to be dismissed because *Apprendi* does not apply retroactively to § 2241 petitions. Finally, the respondent states that the petition is due to be dismissed without prejudice for refiling in the Southern District of Alabama (if the petitioner receives leave to file a successive § 2255 petition from the Eleventh Circuit Court of Appeals); and, in the alternative, that the petition is due to be dismissed as successive under *Wofford v. Scott*, 177 F.3d 1236 (11th Cir. 1999). (Response at 4).

The court afforded the petitioner an opportunity to reply to the respondent's response, but he has failed to do so.

## DISCUSSION

The general rule is that collateral attacks on the validity of a federal conviction or sentence must be brought under 28 U.S.C. § 2255. *Moore v. Maldonado*, 165 Fed. Appx. 812, 813, 2006 WL 250781, at *1 (11th Cir. Feb. 3, 2006) (Unpublished). Section 2241 of Title 28

3

provides a limited, additional basis for habeas actions brought by federal prisoners. *Means v. Vasquez*, 168 Fed. Appx. 900, 903, 2006 WL 405791, at *2 (11th Cir. Feb. 22, 2006). Section 2255, however, severely restricts the circumstances in which a second or subsequent motion can be filed. *See* 28 U.S.C. § 2255 at ¶ 8.

The petitioner asserts that he can file this action premised on the "savings clause" of § 2255, which provides as follows:

> [a]n application for a writ of habeas corpus in behalf of a prisoner who is authorized to apply for relief by motion pursuant to this section, shall not be entertained if it appears that the applicant has failed to apply for relief, by motion, to the court which sentenced him, or that such court has denied him relief, unless it also appears that the remedy by motion is inadequate or ineffective to test the legality of his detention.

28 U.S.C. § 2255. Under the "savings clause," a court may entertain a § 2241 petition attacking a defendant's custody resulting from a federally imposed sentence only if the petitioner establishes that § 2255's remedy is inadequate or ineffective. *Means*, 168 Fed. Appx. at 903, 2006 WL 405791, at *2 (citing *McGhee v. Hanberry*, 604 F.2d 9, 10 (5th Cir. 1979) (holding that a prior unsuccessful § 2255 motion, alone, is insufficient to establish ineffectiveness)); *see also Moore*, 165 Fed. Appx. at 814. Under existing Eleventh Circuit law, the burden of producing evidence affirmatively showing the inadequacy or ineffectiveness of § 2255 relief rests with the petitioner. *Id*. Section 2255 remedies are inadequate or ineffective when:

> (1)  the claim is based upon a retroactively applicable Supreme Court decision;
> (2)  the holding of that Supreme Court decision establishes the petitioner was convicted for a nonexistent offense; and,
> (3)  circuit law squarely foreclosed such a claim at the time it otherwise should have been raised in the petitioner's trial, appeal, or first § 2255 motion.

*Wofford v. Scott*, 177 F.3d 1236, 1244 (11th Cir. 1999).

4

The Eleventh Circuit has explained that, if the "savings clause" of § 2255 applies "to open the portal to a § 2241 proceeding," the proper inquiry in that § 2241 proceeding will be "whether the petitioner can establish actual innocence of the crime for which he has been convicted. . . ."[4]  *Wofford*, 177 F.3d at 1244 n. 3.  The court further reiterated that the Anti-terrorism and Effective Death Penalty Act's (hereinafter "AEDPA") restrictions on successive § 2255 motions, "standing alone, do not render that section 'inadequate or ineffective' within the meaning of the savings clause."  *Darby v. Hawk-Sawyer*, 405 F.3d 942, 945 (11th Cir. 2005).

The petitioner contends that the "savings clause" may be used to present his arguments that the sentencing court was without subject matter jurisdiction to impose sentence under the invalid and unconstitutional federal sentencing guidelines; that *Winship*[5] prohibits a conviction when all elements of the crime are not proven beyond a reasonable doubt; that *Booker* and *Fanfan* should be applied retroactively; and that his conviction is unlawful because of the enhancements applied by the district court.  (Petition at 4-5(b)).  Specifically, the petitioner argues that because "*Jones, Apprendi, Blakely* and *Booker* and *Fanfan* are decisions which 'merely clarify' the guidelines and statutes . . . and failed to meet the more stringent requirement under the AEDPA, . . . the 'savings clause' of § 2255 is properly triggered under these conditions. . . ."  (Petition at 4).  The petitioner further asserts that ". . . both [the] firearms and enhancement provisions under Federal Guidelines and Statutes were elements of the crime which were not set forth in the indictment. . . ."  (*Id.*).

---

[4]"Actual innocence" is defined in *Bousley v. United States,* 523 U.S. 614, 118 S. Ct. 1604, 140 L. Ed. 2d 828 (1998).

[5]*In re Winship*, 397 U.S. 358, 90 S. Ct. 1068, 25 L. Ed. 2d 368 (1970) (Constitutionality required as to every fact necessary to prove crime involving juveniles).

The respondent counters that none of these arguments support the "inadequate or ineffective" showing required for further consideration and the petitioner cites to no Supreme Court decision establishing that he was convicted of a nonexistent offense.  Additionally, the respondent asserts that the petitioner relies completely on the Supreme Court's decisions in "*Jones, Apprendi, Blakely* and *Booker* and *Fanfan*."  (Response at 7).  The respondent further states that the petitioner cannot circumvent *Wofford's* three-prong test which must be met before a court may entertain § 2255 claims in a § 2241 proceeding, and that factual innocence (not legal innocence) is the touchstone for relief.  (Response at 7-8 (citing *Sawyer v. Holder*, 326 F.2d 1363, 1366-67 (11th Cir. 2003), *cert. denied*, 540 U.S. 900 (2003)).

The respondent correctly notes that for a new rule to be retroactive to cases on collateral review for purposes of authorizing a second or successive § 2255 motion, the Supreme Court itself must make the rule retroactive.  *Tyler v. Cain*, 533 U.S. 656, 662-63, 121 S. Ct. 2478, 2482, 150 L. Ed. 2d 632 (2001); *In re Joshua*, 224 F.3d 1281, 1283 (11th Cir. 2000).  "As the Court explained in *Tyler*, considering a successive habeas petition, 'the Supreme Court is the only entity that can 'ma[k]e' a new rule retroactive.  The new rule becomes retroactive, not by the decisions of the lower court or by the combined action of the Supreme Court and the lower courts, but simply by the action of the Supreme Court.'  *In re Anderson,* 396 F.3d 1336, 1339 (11th Cir. 2005) (citing *Tyler*, 533 U.S. at 663 (alteration in original)).  Thus, it is not enough that appellate courts may retroactively apply a new rule of constitutional law or hold that a new rule of constitutional law satisfies the criteria for retroactive application set forth by the Supreme Court in *Teague v. Lane*, 489 U.S. 288, 109 S. Ct. 1060, 103 L. Ed. 2d 334 (1989)."  *Joshua*, 224

F.3d at 1283.[6]

In *Blakely*, the Supreme Court applied the rule announced in *Apprendi* to invalidate the Washington State sentencing guidelines system.  In *Booker/Fanfan*, the Court held that the Sixth Amendment principles announced in *Apprendi* and *Blakely* apply to the United States Sentencing Guidelines.  The Supreme Court, however, did not take the further, necessary step of requiring that the government plead and prove enhancements to a jury.  Instead, it held that the statute making the Guidelines mandatory (18 U.S.C. § 3553(b)(1)) and the provision establishing standards of review on appeal (18 U.S.C. § 3742(e)) were severable from the statutory guidelines scheme.  As a result thereof, the Guidelines remain a relevant factor that the sentencing judge must consult, but they are now only advisory.

The Eleventh Circuit Court of Appeals has determined that the Supreme Court's *Booker* decision was not retroactively applicable to cases on collateral review.  *Varela v. United States*, 400 F.3d 864, 868 (11th Cir. 2005).  Rather, *Booker* announced a procedural rule that is not retroactive because it is not part of the "small set of 'watershed rules of criminal procedure' implicating the fundamental fairness and accuracy of the criminal proceeding."  *See Schriro v. Summerlin,* 542 U.S. 348, 353, 124 S. Ct. 2519, 159 L. Ed. 2d 442 (2004) (quoting *Saffle v. Parks,* 494 U.S. 484, 495, 110 S. Ct. 1257, 108 L. Ed. 2d 415 (1990)).  *Booker* obviated the mandatory nature of the Guidelines, which made them incompatible with the Sixth Amendment's guarantee to the right to a jury trial where "[a]ny fact (other than a prior conviction) which is necessary to support a sentence exceeding the maximum authorized by the facts established by a

---

[6]The respondent also correctly notes that "[w]hen the Supreme Court makes a rule retroactive for collateral-review purposes, it does so unequivocally, in the form of a holding."  *See Tyler*, 533 U.S. at 663.  Thus, the Supreme Court does not make a rule retroactive through dictum or through multiple holdings, unless those holdings "necessarily dictate retroactivity of the new rule."  *Tyler*, 533 U.S. at 663, 666 n.4.

plea of guilty or a jury verdict [was not] admitted by the defendant or proved to a jury beyond a reasonable doubt." *Varela*, 400 F.3d at 867 (quoting *Booker*).  The Eleventh Circuit has similarly concluded that "*Booker's* constitutional rule falls squarely under the category of new rules of criminal procedure that do not apply retroactively to § 2255 cases on collateral review." *Id*.

The petitioner alleges that the decisions in *Apprendi* and *Blakely* require this court to apply the "[n]ew Interpretation of the federal guidelines and statutes . . . at the time of conviction and sentence in this case."  (Petition at 5(a)).  As again noted by the respondent, the Eleventh Circuit has held that claims regarding *Apprendi* and *Blakely* are not cognizable on collateral review in a § 2255 petition.  Specifically, the court has stated:

> The other circuits to address the issue agree that *Apprendi* is not sufficiently fundamental to fall within *Teague's* second exception.  *See Jones v. Smith*, 231 F.3d at 1238 (holding that "the *Apprendi* rule, at least as applied to the omission of certain necessary elements from the state court information, is neither implicit in the concept of ordered liberty nor an absolute prerequisite to a fair trial"); *Sanders*, 247 F.3d at 148 (holding that "a rule which merely shifts the fact-finding duties from an impartial judge to a jury clearly does not fall within the scope of the second *Teague* exception"); *Moss*, 252 F.3d at 998 (stating that "we do not believe *Apprendi's* rule recharacterizing certain facts as offense elements that were previously thought to be sentencing factors resides anywhere near that central core of fundamental rules that are absolutely necessary to insure a fair trial").
>
> We agree with these other circuits that the new rule announced by the Supreme Court in *Apprendi* does not fall within either exception to *Teague's* non- retroactivity standard.  Therefore, like these other circuits, we hold that the new constitutional rule of criminal procedure announced in *Apprendi* does not apply retroactively on collateral review.

*McCoy v. United States*, 266 F.3d 1245, 1257 (11th Cir. 2001).  *See also Varela*, 400 F.3d at 866.

The Eleventh Circuit recently also specifically addressed the issue of whether *Apprendi* applies retroactively to § 2241 petitions:

While we have not expressly decided whether *Apprendi* applies retroactively in a § 2241 petition, other circuits have addressed this issue and have held that *Apprendi* does not apply retroactively to claims brought under 28 U.S.C. § 2241. *Love v. Menifee*, 333 F.3d 69, 74 (2d Cir. 2003); *San-Miguel v. Dove,* 291 F.3d 257, 258-60 (4th Cir. 2002); *United States ex rel. Perez v. Warden, FMC Rochester,* 286 F.3d 1059, 1060-62 (8th Cir. 2002).

We agree with the holdings of our sister circuits and adopt their reasoning in holding that *Apprendi* does not apply retroactively in the context of a 28 U.S.C. § 2241 petition.

*Dohrmann v. United States*, 422 F.3d 1279, 1282 (11th Cir. 2006).  Accordingly, the petitioner's claim is due to be dismissed.

Although the petitioner purportedly brings his current petition pursuant to § 2241, it attacks the validity of his federal conviction in the Southern District of Alabama.  How the petitioner characterizes his action is not determinative.  *Howard v. United States,* 374 F.3d 1068 (11th Cir. 2004).  Accordingly, these challenges should have been brought in a motion to vacate, set aside or correct a sentence under § 2255 in that court.  *See Means*, 168 Fed. Appx. at 903. Section 2241 is not intended as a substitute for a motion under § 2255.  Because the petitioner has not established that § 2255 is inadequate or ineffective, this matter is due to be dismissed. His statement that "the decisions under *Jones, Apprendi, Blakely* and *Booker* and *Fanfan . . .* do[ ] not allow successive Petitions" is insufficient to permit further consideration by this court. (Petition at 7).  This is particularly true since the Eleventh Circuit has held that a prior unsuccessful § 2255 motion, or the inability to meet the AEDPA's second or successive requirement, does not make § 2255 inadequate or ineffective.  *Wofford*, 177 F.3d 1236. Accordingly, the petition should be dismissed.

Construing the instant petition as one filed under § 2255 also will require dismissal.  A second or successive § 2255 petition may only be filed after the appropriate court of appeals

certifies that a second or successive § 2255 motion contains one of the following two grounds: (1) newly discovered evidence that, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that no reasonable fact-finder would have found the movant guilty of the offense or (2) a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable. 28 U.S.C. § 2255 at ¶ 8.

There has been no order from the Eleventh Circuit Court of Appeals authorizing any court to consider the petitioner's successive § 2255 motion.  Unless the Eleventh Circuit Court of Appeals first grants the petitioner leave to file a new § 2255 motion, the district court of conviction in the Southern District of Alabama will lack jurisdiction to consider the same. *See Hill v. Hopper*, 112 F.3d 1088, 1089 (11th Cir. 1997).  Therefore, even if the present petition were construed as a § 2255 motion, it is due to be dismissed without prejudice for want of jurisdiction.  The petitioner, however, still has the right to file a motion for leave to file a second or successive § 2255 motion in the United States Court of Appeals for the Eleventh Circuit.

## CONCLUSION

In view of the foregoing, the court finds that this matter is due to be dismissed.  An appropriate order will be entered.  The court pretermits any discussion of the respondent's procedural bar arguments.

**DONE**, this the 31st day of July, 2006.

SHARON  LOVELACE  BLACKBURN
UNITED STATES DISTRICT JUDGE